# CIRCUIT COURT OF FAIRFAX COUNTY

WAKA, L.L.C.

v.

Richard Humphrey et al.

v.

Walicek,
Lowry,
and LeHane

May 2, 2007

Case No. 2006-14305

BY JUDGE LESLIE M. ALDEN

This matter came before the Court on January 26, 2007, upon Messrs. Walicek, Lowry, and LeHane's demurrer to Mr. Humphrey's Third-Party Complaint stating a direct claim for breach of fiduciary duty. At the conclusion of the hearing, the Court took the demurrer to Count III under advisement and granted the parties leave to submit supplemental briefs. The parties were instructed to address whether the managers, members, and member-managers of a limited liability company owe fiduciary duties to one another. For the reasons stated below, the demurrer is sustained.

## I. *Facts*

The facts are presented as alleged in Mr. Humphrey's Counterclaim and Third-Party Complaint and are taken as true for purposes of review of the demurrer.

WAKA, L.L.C. ("WAKA") is a member-managed Virginia Limited Liability Company created on January 1, 2003. Counterclaim and Third-Party Claim, ¶¶ 10, 13. Mr. Humphrey and Messrs. Walicek, LeHane, and Lowry

("Majority Members") were the four original member-managers. *Id.* at ¶¶ 11, 12. On April 3, 2006, the Majority Members terminated Humphrey's membership in the L.L.C. on the ground that Humphrey had failed to pay a required capital contribution or perform equivalent services to the L.L.C. as specified in the L.L.C. operating agreement. *Id.* at ¶¶ (25)(e)-(f). On November 14, 2006, WAKA initiated litigation against Humphrey for alleged violations of the Virginia Computer Crimes Statute and other alleged misconduct. *Id.* at ¶ 31.

Humphrey, by Counterclaim and Third-Party Claim, seeks a declaratory judgment to determine the rights and interests of the WAKA members. *Id.* at ¶¶ 33-36. Humphrey additionally asserts claims against the Majority Members for breach of fiduciary duty (direct and derivative claim), breach of operating agreement (direct and derivative claim), statutory business conspiracy, common law business conspiracy, and unjust enrichment. *Id.* at ¶ 37-75.

Count III alleges that the Majority Members individually breached the fiduciary duty owed to Humphrey as a member of WAKA. The Majority Members demur to Count III and contend that, as managers, their sole fiduciary duty is to the L.L.C. as an entity, not to Humphrey as an individual member.

## II. *Arguments in Support of And in Opposition to the Demurrer*

The Majority Members contend that the Virginia Limited Liability Company Act, Va. Code §§ 13.1-1000 et seq. ("L.L.C. Act"), defines the scope of fiduciary duties owed by L.L.C. managers. The L.L.C. Act establishes that a manager of an L.L.C. owes a duty to the company, but the L.L.C. Act does not impose fiduciary obligations towards, among, or between members. See Va. Code § 13.1-1024.1. Unlike the Virginia Uniform Partnership Act, Va. Code §§ 50-73.79 et seq. ("Partnership Act"), which expressly defines partners' fiduciary duties to the partnership and to the other partners, the L.L.C. Act is silent in this regard. See Va. Code § 50-73.102. Relying on *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 604 S.E.2d 403 (2004), the Majority Members argue that the absence of an express provision defining fiduciary obligations among L.L.C. members signifies the legislature's intent not to impose fiduciary duties among L.L.C. members.

Humphrey argues that a member-managed L.L.C., as distinct from a manager-managed L.L.C., operates essentially as a general partnership and, therefore, L.L.C. member-managers owe common law fiduciary duties to L.L.C. members. Humphrey cites a number of decisions from foreign

jurisdictions which recognize partnership-type fiduciary standards in the L.L.C. context. Humphrey argues that the statutory construction framework of *Halifax* is inapposite to this case, because in *Halifax*, the Virginia Supreme Court construed component parts of a contemporaneously enacted statute, whereas here, the Majority Members compare two different statutes adopted four years apart.

### III. *Legal Discussion*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Market Poultry Products, Inc.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred, are legally sufficient to state a cause of action against Defendant. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001). In considering a demurrer, a court accepts as true all material facts expressly alleged and all reasonable inferences which may fairly be drawn from these facts. *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991). A demurrer, however, does not admit as true a pleader's conclusions of law. *Id.*

To assess the legal sufficiency of Humphrey's claim in Count III, this Court must determine whether, as a matter of law, member-managers of a L.L.C. owe fiduciary duties to the L.L.C.'s members in addition to the fiduciary duty member-managers owe to the L.L.C.

Duties of L.L.C. members can be defined in three places: (1) the articles of organization, (2) an operating agreement, or (3) The L.L.C. Act. WAKA's articles of incorporation and operating agreement are silent regarding fiduciary duties among members; therefore, resort must be made to the statutory standard. Operating Agreement, CC&TPC Ex. 2; *Broyhill v. DeLuca*, 194 B.R. 65 (Bankr. E.D. Va. 1996). The L.L.C. Act, Va. Code §§ 13.1-1000 et seq., provides a general standard of conduct for L.L.C. managers. Pursuant to § 13.1-1024.1, a "manager shall discharge his or its duties as a manager in accordance with the manager's good faith business judgment of the best interests of the limited liability company." The remainder of Article 5, "Relationship of Members to Each Other," §§ 13.1-1022 to 13.1-1028 is silent regarding fiduciary obligations among L.L.C. members.

Since the enactment of the L.L.C. Act in 1991, there have been few interpretive decisions defining the statutory standards of conduct for a manager. In *Flippo v. CSC Assoc. III, L.L.C.*, 262 Va. 48, 547 S.E.2d 216 (2001), the Virginia Supreme Court held that a L.L.C. manager breached his fiduciary duty to the L.L.C. when he transferred the L.L.C.'s assets to a

newly-formed company to protect his own estate planning interests. 262 Va. at 57. The Court analogized an L.L.C. manager's duty of care to that of a corporate director, noting that the statutory language defining the standard of conduct for L.L.C. managers was almost identical to the statutory language defining the standard of conduct for corporate directors. 262 Va. at 56-57. Compare the duty owed by a corporate director, "A director shall discharge his duties as a director, including his duties as a member of a committee, in accordance with his good faith business judgment of the best interests of the corporation," Va. Code § 13.1-690, with Va. Code § 13.1-1024.1, "[a] manager shall discharge his or its duties as a manager in accordance with the manager's good faith business judgment of the best interests of the limited liability company." Though both corporate directors and L.L.C. managers owe a fiduciary duty to their respective entities, the fiduciary duty at issue in *Flippo*, unlike the instant case, concerned a manager's duty to the L.L.C. as an entity. 262 Va. at 57.

In a more recent decision, *Gowin v. Granite Depot, L.L.C.*, 272 Va. 246, 634 S.E.2d 714 (2006), the Virginia Supreme Court held that a L.L.C. manager did not breach a fiduciary duty to the company when he amended the L.L.C. operating agreement to allow elimination of a minority member for nonpayment of capital contribution. 272 Va. 258-59. In Gowin, the Court determined that the amendment of the operating agreement did not adversely affect the company; rather the amendment furthered the company's best interest because it precluded the member from deriving a benefit from membership without satisfying his obligations to the company. *Id.* Like *Flippo*, this decision concerned the scope of the fiduciary duty owed by a manager to the L.L.C. as an entity.

The United States Bankruptcy Court for the Eastern District of Virginia addressed the issue of fiduciary duties among L.L.C. members in the context of determining the non-dischargeability of debt under § 523(a)(4) of the United States Bankruptcy Code. See *KMK Factoring, L.L.C. v. McKnew (In re McKnew)*, 270 B.R. 593 (Bankr. E.D. Va. 2001); *In re Garrison-Ashburn, L.C.*, 253 B.R. 700 (Bankr. E.D. Va. 2000). The court found that there are no fiduciary obligations among and between L.L.C. members. 270 B.R. at 629, 253 B.R. at 708. The court reasoned that the L.L.C. Act's silence about fiduciary duties among L.L.C. members was significant in light of the express provisions in the Partnership Act about fiduciary duties owed to the partnership and to the other partners. See Va. Code § 50-73.102(B), (C). Furthermore, the court noted that the Virginia L.L.C. Act allowed members to transact business with the L.L.C. in the same way as non-members, a fertile source for potential breaches of the duty of loyalty. Va. Code § 13.1-1026. In

contrast, the Partnership Act prohibits partners from dealing with the partnership as a party having an interest adverse to the partnership. Va. Code § 50-73.102(B)(2).

The statutory construction employed by the bankruptcy court is consistent with the Virginia Supreme Court's rule articulated in *Halifax*, "when the General Assembly includes specific language in one section of the statute, but omits that language from another section of the statute, *we must presume that the exclusion of the language was intentional. . . .*" 268 Va. at 654 (emphasis added). Accordingly, this Court finds the absence of language defining fiduciary duties among L.L.C. members in the Virginia L.L.C. Act to be intentional and dispositive. The General Assembly's express imposition of fiduciary duties among partners in a partnership, Va. Code § 50-73.102(A), demonstrates that the General Assembly is conscious of the language needed to impose fiduciary duties if desired. The decision to omit similar duty-imposing language in the L.L.C. Act is clear evidence that the General Assembly intended that L.L.C. members owe no fiduciary duty to other L.L.C. members.

This Court is not persuaded by Humphrey's argument that partnership-type fiduciary duties should apply to member-managed L.L.C.s. Humphrey relies on a number of decisions from other jurisdictions where the statutory provisions or case law differ significantly from that in Virginia. For example, in *Ledford v. Smith*, 274 Ga. App. 714, 618 S.E.2d 627 (2005), the court interpreted the Georgia L.L.C. Act, OCGA § 14-11-100 et seq., which expressly defines the duties that managers and members owe *to the L.L.C. and to one another.* See OCGA § 14-11-305. In *Purcell v. S. Hills Inv., L.L.C.*, 847 N.E.2d 991 (Ind. App. 2006), the court held that common law fiduciary duties similar to the ones imposed on partnerships and closely held corporations are applicable to Indiana L.L.C.s. The court there noted that this standard was in line with the standard elaborated by the United States District Court for the Northern District of Indiana in *Credentials Plus, L.L.C. v. Calderone*, 230 F. Supp. 2d 890 (N.D. Ind. 2002). *Purcell*, 847 N.E.2d at 997. The courts that have pronounced a fiduciary duty among L.L.C. members have done so upon the analysis of L.L.C. statutes and within statutory and precedential frameworks differing from those in Virginia.

Humphrey's further argument, that member-managers of L.L.C.s owe fiduciary duties that are different from those owed by non-member managers, is misplaced and contrary to the clear statutory language. Va. Code § 13.1-1024.1(D) states that "[f]or the purposes of this section only [§ 13.1-1024.1], the term 'manager' shall be deemed to include any member that is participating in the management of the limited liability company." Thus §

13.1-1024.1 reads, "[a member-manager] shall discharge his or its duties as a manager in accordance with the manager's good faith business judgment of the best interests of the limited liability company." Because the statutory standard of conduct for a manager is the same regardless of whether the member is a manager, fiduciary duties, as defined by this standard, are no greater for a member-manager than for a non-member manager. Under the L.L.C. Act, member-managers owe fiduciary duties to the L.L.C., but owe no fiduciary duties to the individual members of the L.L.C.

## IV. *Conclusion*

The L.L.C. is a creature of statute. As such, the duties of members, managers, and member-managers are prescribed by the General Assembly. The General Assembly elected to impose a duty of "good faith business judgment of the best interests of the limited liability company" upon the managers and member-managers of L.L.C.s. Va. Code § 13.1-1024.1(A), (D). The General Assembly elected not to impose fiduciary duties among and between the L.L.C.'s members as individuals. Nor did the legislature elect to impose a fiduciary duty to other L.L.C. members upon the members who manage the L.L.C.

The L.L.C. Act, however, permits that members who desire to define fiduciary relationships among themselves may do so in either the articles of organization or the operating agreement. Because the L.L.C. Act does not impose fiduciary duties among L.L.C. members and because Humphrey and the Majority Members have not contracted for such fiduciary duties, this Court will not now impose a fiduciary obligation on the Majority Members.

Accordingly, the demurrer to Count III of the Third-Party Complaint is sustained, and Count III of the Third-Party Complaint is hereby dismissed.