# CIRCUIT COURT OF FAIRFAX COUNTY

Remora Investments, L.L.C.

v.

David L. Orr et al.

November 16, 2007

Case No. CH 2004-187948

By Judge Randy I. Bellows

The present motion before the Court is the Defendants' Exceptions to the Commissioner's Report. At oral argument, the Court took under advisement whether this action should have been brought as a derivative claim, rather than as a direct claim. Both parties have fully briefed the issue. After careful consideration of the submitted briefs, the Court is prepared to rule on the issue of whether an action for breach of fiduciary duty can be brought as a direct action by one member of an LLC against the manager of that same LLC.

## I. *Factual and Procedural History*

On January 3rd, 2005, Plaintiff Remora Investments, L.L.C., filed its Second Amended Bill of Complaint against Defendants David L. Orr, and O.A., L.L.C. Plaintiff's Second Amended Complaint seeks a court-ordered dissolution of O.A., and alleges that Orr breached his fiduciary duty both to O.A., L.L.C., and to Remora by his initial refusal to dissolve O.A. and to disburse the proceeds to Remora. The Complaint further alleges that Orr additionally breached his fiduciary duty to Remora by refusing "to deal with O.A., L.L.C., assets in a prudent and reasonable manner within the scope of [Orr's] permitted authority." (2d Am. Compl. ¶ 31.)

The stipulated facts include the following: Plaintiff Remora Investments, L.L.C., ("Remora") is a limited liability company managed by Richard L. Adams, Jr. ("Adams"). (Stipulated Facts ¶ 1.) Defendant David L. Orr ("Orr") and Remora together formed O.A., L.L.C. ("O.A."), via an Operating Agreement entered into in December of 2000, of which Orr was deemed manager. O.A. subsequently formed another limited liability company, Beaumeade 1A Investment, L.L.C. ("Beaumeade"), of which O.A. and VA Value, L.L.C., each owned 50% interests. Stipulated Facts ¶ ¶ 3, 4. The Court notes a discrepancy in the dates listed in the Stipulated Facts, in that the dates listed do not reflect the fact that Beaumeade's formation presumably occurred subsequent to the formation of O.A. Beaumeade in turn acquired a parcel of property, which was its only asset. (Stipulated Facts ¶ 7.) Upon Beaumeade's sale of this property,[1] Orr, in his capacity as manager of O.A., invested $13,596.45 in an account with Morgan Stanley, which amount represented the "final distribution to O.A., L.L.C., from Beaumeade . . . ." (Stipulated Facts ¶ 14.) On September 26, 2005, and then on October 4, 2005, Orr distributed to Remora exactly one-half of the principal amount that had been disbursed to O.A. by Beaumeade and also distributed to Remora one-half of the net gain from Orr's investment of the principal into the Morgan Stanley account. (Stipulated Facts ¶ ¶ 17-19.) The parties further stipulate that "all assets of O.A., L.L.C., now having been distributed, O.A., L.L.C., should be dissolved upon the conclusion of this proceeding." Stipulated Facts ¶ 20. Thus, this renders Count I of Plaintiff's Second Amended Complaint moot.

On May 6, 2005, Judge Thacher entered a Decree of Reference, referring this matter to a Commissioner in Chancery for this Court, to hear evidence and argument on all issues raised by the pleadings. On June 19, 2007, the Commissioner issued his Report. The Commissioner identified the "central dispute" of this case as "the propriety of Orr's [initial] retention of the sale proceeds." (Report of Commissioner in Chancery at 3.) The Commissioner found that Remora did in fact have standing to bring this action, despite that Remora did not bring his action derivatively on behalf of O.A. The Commissioner further recommended that this Court enter an order: (1) dissolving O.A., L.L.C.; (2) granting judgment against Orr in favor of Remora for interest in the amount of $48,058, with interest from date of judgment; (3) granting judgment against Orr in favor of Remora for

---

[1] The closing was held on October 15, 2003.

unexplained expenses in the amount of $21,323, with interest from October 15, 2003; (4) granting costs to Remora. (Report of Commissioner in Chancery at 15.)

The Defendants next filed their Exceptions to the Commissioner's Report, objecting to the Commissioner's finding that Remora had standing to bring this action, and requesting that the Court reject items 2, 3, and 4 of the Commissioner's recommendations. Because the Court finds the standing issue to be dispositive, the court does not reach any other exceptions raised by the Defendants.

## II. *Parties' Positions*

### A. *Defendant's Position*

Defendant Orr cites *Flippo v. CSC Assocs.*, 262 Va. 48, 547 S.E.2d 216 (2001), and *Gowin v. Granite Depot, L.L.C.*, 272 Va. 246, 634 S.E.2d 714 (2006), for the proposition that LLC members and managers owe fiduciary duties to the LLC itself, but not to other members. (Def.'s Supplemental Mem. of P. & A. on the Issue of Fiduciary Duty at 3.) Orr's position is that *WAKA, L.L.C. v. Humphrey*, 73 Va. Cir. 310 (2007), is "on all fours with this case," since "at the hearing of this matter on October 4, 2007, Remora all but acknowledged that, if Judge Alden decided *WAKA* correctly, dismissal would follow in this case." (Def.'s Supplemental. Mem. of P. & A. on the Issue of Fiduciary Duty at 3.) Citing the principle of *Expressio unius est exclusio alterius*, the explicit mention of one is the exclusion of another, Orr declares that "the LLC Act contains an entire multi-section Article, Article 5, entitled "Relationship of Members to Each Other," which is completely 'silent regarding fiduciary obligations among L.L.C. Members'." (Def.'s Supplemental. Mem. of P. & A. on the Issue of Fiduciary Duty at 4) (citing *WAKA*, at 312). Orr concludes that "[t]o find a fiduciary duty between members of an LLC, this Court would have to read language into the statute which is not there." (Def.'s Supplemental Mem. of P. & A. on the Issue of Fiduciary Duty at 5.)

In addition, Orr rejects Remora's argument that *Glass v. Glass*, 228 Va. 39, 321 S.E.2d 69 (1984), or *Adelman v. Conotti Corp.*, 215 Va. 782, 213 S.E.2d 774 (1975), provide support for Remora's position. Citing *American General Ins. Co. v. Equitable General Corp.*, 493 F. Supp. 721, 741 (E.D. Va. 1980), Orr's position is that the holding in *Adelman* and *Glass* was that there is a fiduciary duty that attaches to the relationship between the officers and

directors of a corporation and the *class* of shareholders, not to each shareholder as an individual. (Def.'s Supplemental Mem. of P. & A. on the Issue of Fiduciary Duty at 6.)

## B. *Plaintiff's Position*

Plaintiff states that *Adelman* and *Glass* support its position that "the individual shareholder (member) has a direct right of action against the officer (manager) for breach of fiduciary duty." (Pl.'s Supplemental Opp'n to Def.'s Exceptions to Report of Commissioner Addressing LLC Member's Direct Right of Action at 2.)

Plaintiff distinguishes *WAKA* from the instant case based upon the fact that *WAKA* involved a member-managed LLC, as opposed to a manager-managed LLC. Plaintiff declares that "[n]othing about the holding in *WAKA* that there are no fiduciary duties *among members* of an LLC affects the well established law that the manager of a manager-managed LLC, analogous to officers of a corporation, owes fiduciary duties to the members." (Pl.'s Supplemental Opp'n to Def.'s Exceptions to Report of Commissioner Addressing LLC Member's Direct Right of Action at 4.)

Finally, Plaintiff cites Va. Code Ann. § 13.1-1025(A), suggesting that the language employed by the statute implies that a member of an LLC can in fact bring a direct cause of action against the manager.

## III. *Legal Discussion*

### A. *Standards for Review of a Commissioner's Report*

In Virginia, "[t]he report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence." Va. Code Ann. § 8.01-610 (2007). Also:

> while the report of a commissioner in chancery does not carry the weight of a jury's verdict, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, *but is not applicable to pure conclusions of law contained in the report.*

*Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292 (1984) (internal citations omitted; emphasis added). Thus, this Court is required to give much less deference to the Commissioner's conclusions of law than to his conclusions of fact.

## B. *Standing Issue*

"[W]hen a party without standing brings a legal action, the action so instituted is, in effect, a legal nullity. . . . When a plaintiff lacks standing, "the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff." *Harmon v. Sadjadi*, 273 Va. 184, 193, 639 S.E.2d 294 (2007). Thus, if Remora lacks standing to bring this action, it therefore constitutes a "legal nullity."

The creation and formation of limited liability companies is governed by statute,[2] and the Virginia Code specifically delineates the general standards of conduct for a manager of an LLC: "A manager shall discharge his or its duties as a manager in accordance with the manager's good faith business judgment of the best interests of the limited liability company." Va. Code Ann. § 13.1-1024.1 (2007). However, the Code is silent regarding the issue of whether a manager of an LLC owes a fiduciary duty to the individual members of the LLC.

Virginia case law also provides guidance in regard to this issue. In *Flippo v. CSC Assocs.*, 262 Va. 48, 547 S.E.2d 216 (2001), the Virginia Supreme Court affirmed the judgment of the lower court, which had held that a member of an LLC was directly liable for a breach of fiduciary duty to the LLC itself. *Id.* at 53. *Flippo* involved a claim for breach of fiduciary duty against the manager of an LLC for conveying assets to another business entity for the manager's personal benefit. *Id.* at 57.

Likewise, in *Gowin v. Granite Depot*, 272 Va. 246, 634 S.E.2d 714 (2006), the Virginia Supreme Court considered whether a manager of an LLC had breached his fiduciary duty *to the LLC itself* by (1) altering the LLC's Articles of Incorporation so as to allow the manager to terminate one of the LLC's members, and (2) subsequently terminating that member's membership based upon the change in the Articles. *Id.* at 258. The Court held that there

---

[2] See Va. Code Ann. § 13.1-1002 (2007) ("Limited liability company" or "domestic limited liability company" means an entity that is an unincorporated association that is organized and existing under this chapter. . . .").

was no breach of fiduciary duty by the manager *to the company*. Of additional relevance to the instant case is the fact that *Gowin* involved an LLC composed of two members, with one designated as manager. *Id*. at 250. After one of the members was eliminated from the LLC by the manager, the terminated member brought a *derivative action on behalf of the LLC* against the manager, for the manager's breach of fiduciary duty. *Id*. at 251.

Recently, another Judge of this Court issued an opinion in a case substantially similar to the one at hand. In *WAKA, L.L.C. v. Humphrey*, 73 Va. Cir. 310 (2007), Judge Alden sustained a demurrer to a complaint in which one member of an LLC sought to bring a direct action for breach of fiduciary duty against other members of the LLC. The issue Judge Alden considered was "whether the managers, members, and member-managers of a limited liability company owe fiduciary duties to one another." 73 Va. Cir. at 310. In declining to recognize the existence of such a duty, Judge Alden "[found] the absence of language defining fiduciary duties among LLC members in the Virginia LLC Act to be intentional and dispositive." 73 Va. Cir. at 314. The Court continues:

> The General Assembly's express imposition of fiduciary duties among partners in a partnership, Va. Code § 50-73.102(A), demonstrates that the General Assembly is conscious of the language needed to impose fiduciary duties if desired. The decision to omit similar duty-imposing language in the L.L.C. Act is clear evidence that the General Assembly intended that L.L.C. members owe no fiduciary duty to other L.L.C. members. . . . The General Assembly elected not to impose fiduciary duties among and between the L.L.C.'s members as individuals. Nor did the legislature elect to impose a fiduciary duty to other L.L.C. members upon the members who manage the L.L.C.

73 Va. Cir. at 314-15.

In addition, corporate law provides guidance on this issue. In *Simmons v. Miller*, 261 Va. 561, 544 S.E.2d 666 (2001), the Supreme Court of Virginia considered "whether Virginia law permits a minority shareholder in a closely held corporation to assert individual claims, distinct from derivative claims, on behalf of a corporation against a corporate officer or director for breach of fiduciary duty." *Id*. at 565. The trial court had granted a motion to strike a jury verdict on the individual claim, believing that Virginia law required such a claim to be brought in the form of a derivative

action. *Id.* at 574. The Supreme Court ultimately agreed, specifically refusing to "adopt a closely held corporation exception to the rule requiring that suits for breach of fiduciary duty against officers and directors must be brought derivatively on behalf of the corporation and not as individual shareholder claims." *Id.* at 576. The Court believed that "[a]dherence to the general rule without [the] proposed exception prevents multiplicity of lawsuits by shareholders." *Id.*

In *Adelman v. Conotti Corp.*, 215 Va. 782, 213 S.E.2d 774 (1975), the Supreme Court did find that the officers and directors of a corporation have a fiduciary duty to the corporation's stockholders. *Id.* at 790 ("We hold this same fiduciary duty applies to the conduct of the officers and directors of a corporation in their dealings with the corporation's stockholders."). Likewise, in *Glass v. Glass*, 228 Va. 39, 321 S.E.2d 69 (1984), when considering the issue of whether the officers and directors of a corporation engaged in a civil conspiracy to prevent minority shareholders of the corporation from obtaining a fair price for their stock, the Court found that "Corporate officers and directors have a fiduciary duty in their dealings with shareholders and must exercise good faith in such dealings. *Id.* at 47 (quoting *Adelman*, 215 Va. at 790). However, in *American General Ins. Co. v. Equitable General Corp.*, 493 F. Supp. 721 (E.D. Va. 1980), the U.S. District Court for the Eastern District of Virginia clarified that:

> the Virginia common law duty owed to the shareholders . . . by its directors [i]s not a fiduciary duty inuring to each shareholder in his individual dealings with [the corporation], but [i]s rather a duty attaching only to dealings between the officers and directors of [the corporation] and the shareholders *as a class*.

*Id.* at 741 (emphasis added).

It is true that the court in *Byelick v. Vivadelli*, 79 F. Supp. 2d 610 (E.D. Va. 1999), held that a minority shareholder of a closely-held corporation *could* bring a direct action against the corporation's officers and directors. As the *Byelick* court states:

> Considering *Glass* and *Adelman* and the other available and appropriate resources on the topic, it is reasonable to conclude that, if faced with the question whether a minority shareholder of a closely held corporation has a cognizable claim against an inside director for breach of fiduciary duty in respect of a corporate transaction which benefits the inside director, the

Supreme Court of Virginia would hold in the affirmative, particularly where, as here, there is only one minority shareholder.

*Id.* at 625. However, two years later the Virginia Supreme Court, in *Simmons v. Miller*, 261 Va. at 576, declined to hold that a minority shareholder of a closely-held corporation could assert individual fiduciary claims.

## IV. *Analysis*

This Court finds that *WAKA* is indistinguishable from the instant case. Just as the member in *WAKA* brought a direct action for breach of fiduciary duty against the other members of the LLC, Remora brings this claim for breach of fiduciary duty directly against Orr, rather than as a derivative action on behalf of O.A. Although O.A. is a manager-managed LLC, as opposed to a member-managed LLC,[3] the Court does not find this difference to be significant, since the Code itself does not make such a distinction. In fact, in setting forth the "general standards of conduct for a manager," the Code specifically states that "the term 'manager' shall be deemed to include any member that is participating in the management of the limited liability company." § 13.1-1024.1. This implies that the legislature did not intend to differentiate among managers and member-managers in regard to the duties owed to the LLC. In *WAKA*, Judge Alden agrees with this reasoning: "[T]he statutory standard of conduct for a manager is the same regardless of whether the member is a manager." *WAKA*, 73 Va. Cir. at 315.

In addition, the Court notes that O.A.'s Operating Agreement, although it does set forth "fiduciary obligations" in Article 5.1.3.2, does not state that these fiduciary obligations are owed by the manager *directly to members*. Finally, in comparing the instant dispute to the closely-related issue of whether an individual shareholder of a closely-held corporation can bring a suit for breach of fiduciary duty directly against the officers and directors of the corporation, this Court finds that *Simmons* provides further support for its

---

[3] The Code defines a "Manager-managed limited liability company" as "a limited liability company that is managed by a manager or managers as provided for in its articles of organization or an operating agreement," and a "Member-managed limited liability company" as a "limited liability company that is not a manager-managed limited liability company." Va. Code § 13.1-1002.

holding. Just as the Virginia Supreme Court in Simmons declined to allow such an action to be brought by an individual shareholder, so this Court declines to recognize such an action in the context of an LLC.

## V. *Conclusion*

For the reasons stated above, the Court finds that a claim for breach of fiduciary duty cannot be brought directly by one member of an LLC against another member or manager, and thus Remora did not have standing to bring this cause of action directly against Orr. This Court cannot impose duties that the legislature specifically declined to create. Therefore, the Court sustains the Defendants' exceptions as to standing and rejects the Commissioner's report as to that matter. The instant action must be dismissed, and an Order of Dismissal accompanies this letter opinion.

## *Order*

The present motion before the Court is the Defendants' Exceptions to the Commissioner's Report. For the reasons articulated in the Court's accompanying Letter Opinion, it is hereby ordered that Defendants' Exceptions are sustained based upon Remora's lack of standing to bring this action. Therefore, an order of Dismissal is hereby entered on behalf of Defendants David Orr and O.A., L.L.C., and against the Plaintiff.